IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHAD AUSTIN ASHLEY                                                                                          PETITIONER

V.                                              No.  14-6076

WENDY KELLEY[1], Director
Arkansas Department of Correction                                                                  RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed June 9, 2014 under 28 U.S.C. Section 2254.  The State filed its Response (ECF No. 8) on August 1, 2014,  and the Petitioner filed a Reply (ECF No. 10 ) on September 5, 2014. The case was reassigned to the undersigned on April 17,  2015 and is now ready for a report and recommendation.

**I.  Background**

Petitioner was charged with Possession of Drug Paraphernalia and being a Habitual Offender in the Circuit Court of Hot Spring on April 12, 2011. (ECF No. 2-1). He entered a guilty plea on June 28, 2012 and was sentenced to 216 months' imprisonment in the Arkansas Department of Correction. Ashley neither appealed his conviction and sentence nor did he seek post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.

On June 9, 2014, Petitioner filed the present petition for writ of habeas corpus alleging

---

[1]The petition named Ray Hobbs as the respondent. Mr. Hobbs retired as Director of the Arkansas Department of Correction on October 31, 2014, and Larry Norris assumed the duties of Interim Director on November 1,2014 and subsequently Ms. Wendy Kelley was appointed.  Pursuant to Fed. R. Civ. p, 2S(d) (2014), Ms. Kelley is automatically substituted as the respondent in place of Mr. Hobbs.

that the circuit court did not have jurisdiction to convict and sentence him on a felony in violation of the 8th and 14th Amendments of the United States Constitution. (ECF No. 2).

## II.  Discussion

### A.  Limitations

Under AEDPA, federal and state prisoners generally have one year in which to file federal habeas petitions. For state prisoners, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

The Petitioner signed his plea of guilty form on June 25, 2012 (ECF No. 8-1, p. 2) and it appears that he entered his plea of guilty on January 10, 2012 but the Judgment was not entered until April 16, 2012. (ECF No. 2-2, p. 2).

In Arkansas, a criminal defendant generally has thirty days from "the date of entry of a judgment" in which to file an appeal, Ark. R.App. P.-Crim. 2(a)(1), but a criminal defendant has no right to appeal from a guilty plea, except for an appeal from a conditional guilty plea based on the denial of a suppression motion, see Ark. R.App. P.–Crim. 1(a).  The Petitioner, therefore, could not appeal his conviction.

The Eighth Circuit has recently held, however, that "[C]onviction of state inmate who did not seek review in state's highest court became final, and statutory period for seeking federal habeas relief commenced, on date that time for seeking such review expired, even though inmate had entered unconditional guilty plea and state law did not permit appeal from such pleas." *Camacho v. Hobbs*  774 F.3d 931 (C.A.8 (Ark.),2015).

The Petitioner's time, therefore, began to run from May 16, 2012 and expired May 16,

2013.  Since his petition was not filed until June 9, 2014 it is time barred unless he is entitled to equitable tolling.

**B.  Equitable Tolling**

The U.S. Supreme Court has established that "federal habeas review of [defaulted] claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Turnage v. Fabian,* 606 F. 3d 933 C.A. 8 (Minn.) 2010.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition  "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002).

The Petitioner has not asserted any such grounds as the basis for his failure to properly file the petition and only asserts that his conviction is illegal.  His claim is, therefore, time barred.

**C.  Claim Not Cognizable.**

Even if the Petitioner's claim was not time barred it is without merit. He argues that his conduct, described in the information, constituted at best, a Class A misdemeanor and he seems to argue that there was insufficient connection between the drug paraphernalia and drugs.

He was charged in Hot Springs County, Arkansas, by criminal information as a habitual offender with possession of drug paraphernalia, a Class C felony, in violation of Ark. Code Ann. §§ 5-64-403 & 5--4-501. He pled guilty to this offense and, as a result, was sentenced by the Hot Spring County Circuit Judge to 18 years' imprisonment in the Arkansas Department of Correction. The Petitioner's argument goes to the weight of the state's case and not to the states ability to charge him with a felony. The Petitioner could have obviously persisted in a plea of not guilty and proceeded to trial but he choose to enter a plea of guilty.

A guilty plea operates as a break in the chain of events of the criminal process. *Tollett,* 411 U.S.258 at 267 (1973). Once a criminal defendant solemnly professes his guilt before the Court, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. Only the voluntary and intelligent character of the guilty plea may be attacked. Id.; *see Bass v. United States*, 739 F.2d 405, 406 (8th Cir.1984) (the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the plea). The Petitioner never filed any post conviction claim that his attorney was ineffective.

His allegations about the adequacy of the allegations to state a felony offense in the charging instrument concern the interpretation and application of state law and prosecutorial discretion, which is not subject to federal habeas corpus review. *Lewis v. Jeffers,* 497 U.S. 764,780 (1990); see also, *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (when conducting habeas

review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States).

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of April 2015

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
U. S. MAGISTRATE JUDGE